IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE FIGUEROA, | No. C 06-02628 SI |
| Plaintiff, | **ORDER RE: PLAINTIFF'S MOTION TO STRIKE** |
| v. | |
| DENNIS ALLEN SMITH, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff has filed a motion to strike defendant's experts, or alternatively for attorneys fees. Having reviewed the papers, pursuant to Civil Local Rule 7-1(b), the Court determines that plaintiff's motion is suitable for resolution without oral argument, and hereby VACATES the May 11, 2007 hearing. For the following reasons, and for good cause shown, the Court DENIES plaintiff's motion.

This is a personal injury action, in which plaintiff alleges that he was struck by defendant's truck while crossing the street in Martinez, California. Trial is currently scheduled for June 18, 2007. Defendant conducted an independent medical examination (IME) on plaintiff on February 27, 2007. Pursuant to this Court's order, the parties were to exchange expert reports, including the report of Dr. Howard Sturtz, who conducted the IME, by March 6, 2007. Defendant missed this deadline, and did not give plaintiff Dr. Sturtz's report until March 13, 2007. Plaintiff subsequently took Dr. Sturtz's deposition on March 27, 2007. The expert discovery deadline was March 30, 2007.

Plaintiff's motion asks the Court to prevent Dr. Sturtz from testifying at trial, because defendant

filed Dr. Sturtz's expert report one week late.[1] Plaintiff also complains that Dr. Sturtz's report was deficient because it did not indicate whether he has testified in other cases over the past four years, and whether he has any publications. On March 21, 2007, defendant supplemented the report to include a list of other cases in which Dr. Sturtz has testified. *See* Oppo., Ex. C.

Federal Rule of Civil Procedure 37 provides in part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26 (e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2) is not, unless such failure is harmless, permitted to use as evidence at a trial, or a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). The determination of whether a failure to disclose is justified or harmless is entrusted to the broad discretion of the district court. *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996). In the Ninth Circuit, the following factors are used to guide the court's discretion: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

The Court finds that defendant's one-week delay in providing Dr. Sturtz's report was relatively harmless. After receiving Dr. Sturtz's report, plaintiff had two weeks to prepare for his deposition. Moreover, on March 16, 2007, defendant offered to waive the discovery cut-off with respect to Dr. Sturtz, to allow plaintiff to take his deposition at a later date. *See* Oppo., Ex. D. Defendant also offered to pay the costs associated with Dr. Sturtz deposition. *See id.* Plaintiff rejected these offers. Thus, to the extent that plaintiff suffered any harm from the one-week delay in receiving Dr. Sturtz's report, plaintiff could have easily mitigated that harm.

---

[1] In addition to Dr. Sturtz, Defendant also initially identified an accident reconstruction expert. Defendant has now withdrawn this expert. Accordingly, IT IS ORDERED that defendant may not call any accident reconstruction expert and plaintiff's motion to strike defendant's accident reconstruction expert is DENIED AS MOOT.

Plaintiff also moves to strike the deposition testimony of Andrew Urban and Dr. William Birdsong, which defendant took without proper notice to plaintiff. The parties have since stipulated that these two depositions will be inadmissible. Accordingly, IT IS ORDERED the deposition testimony of Urban and Dr. Birdsong will not be admissible at trial and plaintiff's motion to strike their deposition testimony is DENIED AS MOOT.

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to strike or alternatively for attorneys fees. [Docket No. 30]

**IT IS SO ORDERED.**

Dated: May 7, 2007

SUSAN ILLSTON
United States District Judge